1 | BENJAMIN B. WAGNER
2 | United States Attorney
  | JILL M. THOMAS
3 | Assistant United States Attorney
  | 501 I Street, Suite 10-100
4 | Sacramento, CA 95814
  | Telephone: (916) 554-2700
5 | Facsimile: (916) 554-2900

**FILED**

AUG 6 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

7 | Attorneys for Plaintiff
8 | United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES FOR A CELLULAR TELEPHONE ASSIGNED CALL NUMBER (323) 489-9483 | CASE NO. 2:15-SW-0431 DAD PS<br><br>DAD<br>[~~PROPOSED~~] ORDER<br><br>**UNDER SEAL** |

**ORDER** **SEALED**

JILL M. THOMAS, Assistant United States Attorney for the Eastern District of California (the applicant), has submitted an application on behalf of the United States, pursuant to 18 U.S.C. §§ 3122-24 requesting that the Court issue an order authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on the Metro PCS cell phone number (323) 489-9483 (the "target cell phone"), whose listed subscriber is unknown, and other dialing, routing, and signaling information that may be associated with communications to or from the target cell phone, as described in Attachment A to this Order. The Court finds:

1. The applicant is an attorney for the government and has certified that the information likely to be obtained from such installation and use is relevant to an ongoing criminal investigation

[PROPOSED] ORDER                                                    1

1 being conducted by the Federal Bureau of Investigation of HECTOR SABINO GONZALEZ in connection with possible violations of 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute Methamphetamine) and 21 U.S.C. § 846 (and Conspiracy to Distribute Methamphetamine).

2. The United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to the same ongoing criminal investigation.

3. There is reason to believe that notifying any other person, including the subscriber(s) of the target cell phone, of the existence of this application and Order, the resulting pen-trap devices, or this investigation, except as necessary to effectuate the Order, will seriously jeopardize the ongoing investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. §§ 3123-24, that the applicant and the Federal Bureau of Investigation may, for a period of sixty days from the date of installation of the pen-trap devices, install and use pen-trap devices to collect dialing, routing, addressing, and signaling information for each communication to or from the target cell phone, as described in Section II(a) of Attachment A, without geographic limit.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. §§ 3122-24, the applicant and the Federal Bureau of Investigation are authorized to acquire, during the same sixty-day period.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that Metro PCS and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service.

IT IS FURTHER ORDERED that the Federal Bureau of Investigation reasonably compensate Metro PCS and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order.

IT IS FURTHER ORDERED that the Federal Bureau of Investigation and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per

1 day, or at such other times as may be acceptable to them, for the duration of the Order.

2   IT IS FURTHER ORDERED that Metro PCS and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the Federal Bureau of Investigation of any changes relating to the target cell phone, including changes to subscriber information, and provide prior notice to the applicant and the Federal Bureau of Investigation before terminating or changing service to the target cell phone.

   IT IS FURTHER ORDERED that Metro PCS and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not disclose in any manner, directly or indirectly, by any action or inaction, including to the subscriber(s) of the target cell phone, identified above, the existence of this application and Order, the resulting pen-trap devices, or the underlying investigation, except as necessary to effectuate the Order, unless and until authorized by this Court. See 18 U.S.C. § 2705(b) and 18 U.S.C. § 3123(d)(2).

Dated: 8/6/15

Hon. Dale A. Drozd
U.S. MAGISTRATE JUDGE

# ATTACHMENT A

## Property to Be Searched

### I. The Target Cell Phone

The Order applies to certain information associated with the following cell phone number: (323) 489-9483 (the "target cell phone").

### II. Information to Be Collected with Pen-Trap Devices

The pen-trap devices are authorized to collect the following information for the target cell phone listed in Part I of this Attachment.

#### a. Pursuant to 18 U.S.C. §§ 3122-24

All dialing, routing, addressing and signaling information associated with each communication to and from the target cell phone, including, but not limited to:

i. Any unique identifiers associated with the cell phone, including ESN, MEIN, MSISDN, IMSI, IMEI, SIM, or MIN.
ii. Source and destination telephone numbers and email addresses.
iii. Date, time and duration of all communications.